IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN CHAVEZ CAMPA, | ) |
| Petitioner, | ) |
| -vs- | ) NO. CIV-26-0001-HE |
| JOSHUA JOHNSON, et al., | ) |
| Respondents. | ) |

### ORDER

On October 30, 2025, petitioner Juan Chavez Campa, a Mexican citizen residing in Illinois, was apprehended by United States Immigration and Customs Enforcement (ICE) officers in the Chicago area. He has resided in the United States for over 31 years and has two children who are United States citizens. ICE immediately instituted removal proceedings against petitioner, alleging he was an alien present in the United States who has not been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner filed an application for cancellation of removal and adjustment of status, seeking lawful residence in the United States. In accordance with a Department of Homeland Security policy, petitioner was subjected to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), without any eligibility for a bond hearing. He is currently housed in the Kay County Detention Center in Newkirk, Oklahoma.

On January 2, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the

Immigration and Nationality Act and the Fifth Amendment due process clause. Petitioner requested release from custody, or alternatively, a bond hearing pursuant § 1226(a). The habeas corpus petition was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). As ordered, respondents filed a response to the petition, petitioner filed a reply, and respondents filed a supplemental brief addressing new matters raised in the reply. On February 3, 2026, the magistrate judge issued a Report and Recommendation, recommending the court grant the habeas petition in part. Specifically, she recommended the court order respondents to provide petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release petitioner if he has not received a lawful bond hearing within that period. She further recommended that the court order respondents to certify compliance by filing a status report within ten days of the court's order.

Respondents have timely objected to the Report and Recommendation. They specifically recognize this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641 (W.D. Okla. Jan. 13, 2026), and similar rulings by other judges in this district [Doc. #13, ECF p. 1, n. 1, citing cases], concluding that § 1226(a) rather than § 1225(b)(2)(A) governs petitioner's detention. However, respondents urge the court to follow a recent contrary ruling by the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Upon *de novo* review pursuant to 28 U.S.C. § 636(b)(1), the court declines to reconsider its prior ruling. The 2-1 decision in Buenrostro-Mendez makes clear that strong arguments support both statutory readings of the parties. The court, however, remains persuaded that § 1226(a) governs and

continues to follow similar rulings by the judges in this district and the Seventh Circuit Court of Appeals in <u>Castanon-Nava v. U.S. Department of Homeland Security</u>, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing, as recommended by the magistrate judge.

Accordingly, the Report and Recommendation [Doc. #12] is **ADOPTED**.  The petition for writ of habeas corpus [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **<u>seven (7) business days</u>** or otherwise release petitioner if he has not received a lawful bond hearing within that period.  Respondents are further **ORDERED** to certify compliance by filing a status report within **<u>ten (10) business days</u>** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 17th day of February, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE